UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUHAMMAD E. MILHOUSE,

               Plaintiff,

-against-

NYC (MTA); THE METROPOLITAN
TRANSIT AUTHORITY; EBONY M.;
JONATHAN; JOHN DOE/JANE DOE MTA
EMPLOYEES; BISHOP A.D. CUNNINGHAM,

               Defendants.

25-CV-5357 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendants violated his rights. By order dated July 9, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action with 30 days leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief, and to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*

## BACKGROUND

Plaintiff filed this complaint against (1) the New York City Metropolitan Transit Authority ("MTA"); (2) unidentified "John Doe" and "Jane Doe" MTA employees; (3) "Ebony M." and "Jonathan," who he alleges are outreach workers with Project Hospitality and Bishop A.D. Cunningham who lives in Washington, D.C. The following facts are drawn from the complaint.[1] On the morning of November 29, 2021, at the "Bowling Green train station" in Manhattan, "unknown defendants" "struck [Plaintiff] violently from behind," punched him in the

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

face, head, and back, and struck his head against a "brass subway bannister" before "trying to throw" him down the stairs, and then attempted to rape and kill him. (ECF 1 at 5.) Plaintiff appears to allege that Ebony M., Jonathan, and possibly an MTA token booth clerk failed to protect him from the assault. (*Id.* at 2, 5, 7.) There are no allegations about Bishop Cunningham. Plaintiff suffered head injuries and a swollen face, and was taken to Brooklyn Hospital Center for treatment. (*Id.*) The MTA sent Plaintiff an email stating that the incident had been "referred to the MTA Special Victims Squad" for an investigation, but detectives later told Plaintiff that there was nothing they could do. (*Id.* at 7-8.) Plaintiff claims the incident was "premeditated," and he seeks $194,300,000.00 in damages. (*Id.* at 6, 9.)

## DISCUSSION

**A.    Ebony M., Jonathan, and Bishop Cunningham**

Plaintiff states that he is suing Defendants for violating his federal constitutional rights, and the Court therefore construes the complaint as asserting claims arising under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege that the conduct at issue was "committed by a person acting under color of state law" and that the conduct deprived the plaintiff "of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). "[T]he under-color-of-state-law element of [Section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

Plaintiff sues Bishop Cunningham, who is a private individual. As such, he does not act under color of law, and is not a state actor for purposes of Section 1983 liability.[2]

---

[2] In any event, Plaintiff fails to assert any facts against Bishop Cunningham or explain why he is named as a Defendant. *See Spavone v. N.Y. State Dep' t of Corr. Serv.*, 719 F.3d 127,

3

Plaintiff also sues Ebony M. and Jonathan, employees of Project Hospitality, a "not-for-profit, private entity" that assists individuals in need. *Ward v. Project Hospitality Shelter*, No. 23-CV-4037, 2023 WL 5179627, at \*2 (E.D.N.Y. Aug. 11, 2023).  (1982).[3] "[T]he provision of homeless services by a private organization, even under contract with the state or where subject to governmental regulation, does not turn the private organization or its employees into state actors." *Hill v. N.Y.C. Shelter System*, No. 22-CV-7350 (LTS), 2023 WL 2143641, at \*2 (S.D.N.Y. Feb. 17, 2023) (quoting *Ortega v. Samaritan Vill. Myrtle Ave. Men's Shelter*, No. 18-CV-5995, 2020 WL 1043305, at \*4 (E.D.N.Y. Mar. 4, 2020)(citation and internal quotation marks omitted). The fact that an entity receives public funds, is subject to extensive regulation, or performs public contracts does not convert private action into state action. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840-41

As employees of a private organization, Ebony M. and Jonathan are not alleged to have been acting on behalf of the government. Plaintiff thus fails to state Section 1983 claims against them because they are not state actors. Accordingly, as to such claims against Defendants Bishop, Ebony M., and Jonathan, Plaintiff fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii)

**B.     MTA employees**

The Court construes the complaint as alleging that MTA employees failed to protect Plaintiff. The United States Constitution does not require a government official to protect an individual from private harm. *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56

---

135 (2d Cir. 2013) (explaining that the "personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.")

[3] The activity of a private entity can be attributed to the state under circumstances that are not relevant here. *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012).

(2005); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-97 (1989) ("[T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual. . . . If the Due Process Clause does not require the State to provide its citizens with particular protective services, it follows that the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them."); *see, e.g.*, *Gong v. Sarnoff*, No. 23-CV-0343 (LJL), 2024 WL 3638335, at *7 (S.D.N.Y. Aug. 1, 2024) ("It is settled that the State has no general Due Process obligation to ensure the safety, care, and protection of individuals who are not in its custody." (internal quotation marks and citations omitted)); *see also Richardson v. Doe*, No. 21-CV-6042, 2021 WL 5594640, at *1 (E.D.N.Y. Nov. 30, 2021) (dismissing Section 1983 claim based on alleged failure of MTA employee to intervene when another passenger assaulted the plaintiff in a train station).

There are two recognized exceptions to this general rule: (1) "when [a government official] takes a person into [the government official's] custody and holds him there against his will, the Constitution imposes upon [the government official] a corresponding duty to assume some responsibility for his safety and general well-being," *DeShaney*, 489 U.S. at 199-200; and (2) when a government official affirmatively creates or increases a danger to the plaintiff, *see, e.g.*, *Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008). In both of these contexts, the plaintiff must also show that the government official's "behavior was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (citation omitted). This last "requirement screens out all but the most significant constitutional violations, 'lest the Constitution be demoted to . . . a font of tort law.'" *Id.* (citation omitted). Thus, any claim that does not allege facts that also satisfy this last requirement is insufficient to state a

5

claim of a substantive due process violation under Section 1983. *See id.*; *Pena v. DePrisco*, 432

F.3d 98 (2d Cir. 2005) ("[T]he Fourteenth Amendment is not a 'font of tort law.' It does not

provide a comprehensive scheme for determining the propriety of official conduct or render all

official misconduct actionable." (citation omitted)).

Plaintiff does not provide any facts showing that, at any point during the events giving

rise to this action, he was held in custody by the defendants, that the defendants affirmatively

created the alleged danger, or affirmatively increased an alleged danger to him. He also alleges

nothing to suggest that the defendants' actions were so egregious or outrageous that they would

shock the contemporary conscience. The Court therefore dismisses Plaintiff's claims of

substantive due process violations against the MTA employees, under Section 1983, for failure

to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

## C.    MTA

Public benefit corporations, such as the MTA, are considered local governmental entities

for the purpose of Section 1983 liability. *Jandres v. Cnty. of Nassau,* No. 12-CV-3132, 2012 WL

5879532, at *6 (E.D.N.Y. Nov. 21, 2012) (collecting cases imposing municipal liability on

public benefit corporations); *Adam v. Metro. Transp. Auth.,* No. 07-CV-8807 (JGK), 2011 WL

891441, at *3 n. 2 (S.D.N.Y. Mar.15, 2011) (noting that the MTA is a municipal entity).

When a plaintiff sues a public benefit corporation, such as the MTA, under Section 1983,

it is not enough for the plaintiff to allege that one of the public benefit corporation's employees

or agents engaged in some wrongdoing. The plaintiff must show that the public benefit

corporation itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563

U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section

[1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a

person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a Section 1983 claim against a public benefit corporation, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).[4]

Here, Plaintiff alleges no facts suggesting that the MTA has a policy, custom, or practice that caused a violation of his federal constitutional rights. The Court therefore dismisses Plaintiff's Section 1983 claims against the MTA for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**D.    Leave to amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

---

[4] A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted). At the pleading stage, a plaintiff "must allege facts tending to support, at least circumstantially, an inference that [the alleged] . . . policy or custom exists." *Hannan v. Rose*, No. 18-CV-9878 (PGG) (DF), 2022 WL 21770560, at *11 (S.D.N.Y. Mar. 15, 2022) (quoting *Matthews v. City of New York*, No. 15-CV-2311 (ALC), 2016 WL 5793414, at *9 (S.D.N.Y. Sept. 30, 2016) (citations and internal quotation marks omitted)). "[C]onclusory allegations of a . . . custom or practice of tolerating official misconduct, without factual details," will not satisfy *Monell's* pleading standards. *Id.*

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). In an abundance of caution, the Court grants Plaintiff 30 days' leave to file an amended complaint should he wish to do so in order to correct the deficiencies in his claims that the Court has discussed above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff 30 days' leave to replead his claims in an amended complaint. If Plaintiff fails to file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is ordered and entered.

SO ORDERED.

Dated:    May 19, 2026
         New York, New York

                                              *Louis L. Stanton*
                                               Louis L. Stanton
                                                    U.S.D.J.

8